## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DEMETRIOS KOUKOULOMATES**, | ) | |
| Kapetan Barda 16 Neos Kosmos 11744 | ) | |
| Athens, Greece, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:15-cv-384 |
| | ) | |
| **JOHN F. KERRY**, in his Official | ) | |
| Capacity as Secretary of State, | ) | |
| The Executive Office | ) | |
| Office of the Legal Adviser | ) | |
| Room 5519 | ) | |
| 2201 C Street NW | ) | |
| Washington, D.C. 20520-6310, and | ) | |
| | ) | |
| **ABIGAIL ARONSON**, in her Official | ) | |
| Capacity as Consul, Citizenship Section, | ) | |
| U.S. Embassy, Athens, Greece, | ) | |
| The Executive Office | ) | |
| Office of the Legal Adviser | ) | |
| Room 5519 | ) | |
| 2201 C Street NW | ) | |
| Washington, D.C. 20520-6310, | ) | |
| | ) | |
| *Defendants.* | ) | |

### COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

1.   Plaintiff Demetrios Koukoulomates became a United States citizen on October 10, 1978. Despite this objectively verifiable fact, the United States government deported him to Greece in 2003. Since then, the U.S. Embassy in Athens has failed to adjudicate multiple applications by Mr. Koukoulomates for a U.S. passport. The Embassy's Kafkaesque failure to adjudicate these applications leaves Mr. Koukoulomates in form of *de facto* exile. He therefore brings this action for declaratory, injunctive, and mandamus relief to compel the government to adjudicate his passport application.

## Jurisdiction and Venue

2.   This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 702 (Administrative Procedure Act), and 28 U.S.C. § 1361 (Mandamus). Jurisdiction lies to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act) and 28 U.S.C. § 1651 (All Writs Act).

3.   This District is the proper venue pursuant to 28 U.S.C. § 1391(e)(1)(A) because, on information and belief, Defendant Kerry resides within this District, and pursuant to 28 U.S.C. § 1391(e)(1)(B) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## Parties

4.   Plaintiff Demetrios Koukoulomates is a 52 year-old U.S. citizen who currently resides in Athens, Greece.

5.   Defendant John F. Kerry is Secretary of State and has supervisory authority over the operations of the Department of State. Secretary Kerry is statutorily responsible for the adjudication and issuance of U.S. passport applications pursuant to 22 U.S.C. § 211a. He is sued in his official capacity.

6.   Defendant Abigail Aronson is Consul in the Citizenship Section of the American Embassy in Athens, Greece. She is responsible for adjudicating Plaintiff's U.S. passport application, which has been pending in the Athens Embassy since no later than October 2010. She is sued in her official capacity.

## Statutory and Regulatory Framework

7.   A U.S. passport is documentary proof of U.S. citizenship. 22 U.S.C. § 2705.

8.   Only the Secretary of State has the authority to grant, issue, and verify U.S. passports. 22 U.S.C. § 211a.

9.   The Secretary of State's authority to grant, issue, and verify U.S. passports implicitly includes the authority to determine a passport applicant's U.S. nationality and U.S. citizenship. Passport and Nationality Procedures—Persons Authorized to Issue Passports and Adjudicate Nationality Abroad, 61 Fed. Reg. 43310, 43311 (Aug. 22, 1996) (amending 22 C.F.R. §§ 50-51).

10. The Secretary of State "may grant and issue passports" after considering "a written application" that meets criteria established by law. 22 U.S.C. §§ 211a, 213. *See also* 22 C.F.R. §§ 51.20-28.

11.  The Secretary of State has established regulations to collect from all passport applicants and pay into the United States Treasury a fee for passport applications. 22 U.S.C. § 214. 22 C.F.R. §§ 51.50-55.

12.  In addition to paying the passport fee, a person abroad claiming U.S. nationality in connection with an application for a U.S. passport must satisfy the requirements set forth in 22 C.F.R. §§ 51.40-46. 22 C.F.R. § 50.4.

13.  As an alternative to a passport, a person abroad who claims U.S. nationality, or a representative on his behalf, may apply at a consular post for registration to establish his claim to U.S. nationality by executing the prescribed registration form and providing supporting evidence to establish his or her claim. 22 C.F.R. § 50.3.

14.  Consular officers or designated nationality examiners within the Department of State are obligated by the agency's regulations to determine claims to United States nationality made by persons abroad when they submit an application for registration or for a passport. 22 C.F.R. § 50.2.

## **Factual Background**

### A.  Mr. Koukoulomates Derived U.S. Citizenship in 1978

15. Mr. Koukoulomates was born in Athens, Greece in May 1962.

16. His father died less than two months later.

17. He immigrated to America with his mother at age four and became a Lawful Permanent Resident (LPR) of the United States on June 27, 1966.

18. His mother became a naturalized U.S. citizen on October 10, 1978.

19. Because Mr. Koukoulomates was 16 years old, unmarried, and living in the physical and legal custody of his mother in Chicago, Illinois, when she became a naturalized citizen in 1978, he automatically became a U.S. citizen by operation of law. *See* Immigration and Nationality Act of 1952 § 321(a) (1999), 8 U.S.C. § 1432(a) (repealed by Pub. L. 106-395 § 103(a), 114 Stat. 1631 (Oct. 30, 2000)).

### B.  The U.S. Government Deported Mr. Koukoulomates in 2003

20. Despite having all the facts necessary to verify that Mr. Koukoulomates derived U.S. citizenship in 1978, immigration authorities concluded he was deportable in 2002.

21. Based on the incorrect legal conclusion that Mr. Koukoulomates had to be under the age of 16, rather than 18, at the time his mother naturalized in order for him to derive U.S. citizenship, immigration authorities then commenced a civil deportation proceeding against him.

22. This proceeding culminated in an order of removal against Mr. Koukoulomates by Immigration Judge Charles M. Honeyman of the Philadelphia Immigration Court on July 30, 2002.

23. The government executed the removal order and deported Mr. Koukoulomates to Greece in October 2003.

C.  <u>The Athens Embassy Failed to Adjudicate Plaintiff's U.S. Passport Applications</u>

24. On February 19, 2004, Mr. Koukoulomates provided the U.S. Embassy in Athens a sworn declaration asserting his U.S. citizenship.

25. The February 19, 2004 submission came in connection with a Form N-600, Application for Certificate of Citizenship, which he improperly directed to consular officials in Greece instead of United States Citizenship and Immigration Services.

26. Rather than treating the February 19, 2004 declaration as an application for registration as a U.S. citizen living abroad under 22 C.F.R. § 50.3, the Athens Embassy ignored it and took no meaningful adjudicatory action.

27. On June 2, 2004, Mr. Koukoulomates returned to the Embassy with a sworn declaration of U.S. citizenship, this time including the entire factual and legal basis of his claim, as well as an application for a U.S. passport.

28. The Embassy neither granted nor denied his 2004 U.S. passport application.

29. When Mr. Koukoulomates inquired with the Embassy about the status of the application, he repeatedly received various iterations of essentially the same response: "We'll get back to you."

30. On February 27, 2005, Mr. Koukoulomates emailed the U.S. Embassy to inquire about the status of his U.S. passport application.

31. He received no substantive response or adjudication as a result of this email.

32. After waiting more than five years, Mr. Koukoulomates submitted another U.S. passport application to the Athens Embassy on October 14, 2010.

33. As part of this application, he paid a nonrefundable fee of $135.00 USD.

34. On February 23, 2013, after receiving no adjudication from the Embassy on any of his U.S. passport applications, Mr. Koukoulomates emailed the Consul General to inquire about the adjudication's status.

35. On May 16, 2013, Mr. Koukoulomates visited the Athens Embassy in person to obtain written confirmation that the Consul General received his February email.

36. During this May 16, 2013 visit to the Embassy, Mr. Koukoulomates attempted to submit another U.S. passport application.

37. The same day, Vice Consul John Reed Payne provided Mr. Koukoulomates with a letter indicating that adjudication of his U.S. passport application would be delayed for an unspecified period of time while the Athens Embassy awaited a response from the Department of State.

38. After over a decade of unsuccessfully attempting to obtain documentation acknowledging his U.S. citizenship from the Athens Embassy, Mr. Koukoulomates retained counsel in the United States in October of 2014.

39. On October 20, 2014, counsel for Mr. Koukoulomates emailed the American Citizen Services office of the Athens Embassy to once again provide all documentary evidence of U.S. citizenship and inquire about the status of his U.S. passport application.

40. The Embassy never responded to counsel's October 20, 2014 email.

41. On February 10, 2015, Immigration Judge Honeyman granted a joint motion by Mr. Koukoulomates and the Department of Homeland Security to reopen his 2002 deportation proceeding, vacate the removal order, and terminate the proceeding with prejudice.

42. Judge Honeyman expressly stated in his order that the reason for terminating the case with prejudice was that Mr. Koukoulomates "is a U.S. citizen."

43. On February 27, 2015, Mr. Koukoulomates, through counsel, scheduled a passport appointment with the U.S. Embassy in Athens for March 10, 2015 using the Embassy's online scheduling system.

44. The same day, counsel for Mr. Koukoulomates emailed American Citizen Services and the Athens American Passports office to provide Judge Honeyman's Order, the joint motion that prompted it, and the documentary evidence proving Mr. Koukoulomates is a U.S. citizen entitled to a U.S. passport. Counsel requested that the Embassy issue the U.S. passport without further delay on March 10, 2015.

45. The Embassy never responded to this email.

46. On March 10, 2015, Mr. Koukoulomates hand-delivered the same materials his counsel emailed to the Athens Embassy on February 27, 2015, and requested, once again, that his U.S. passport application be adjudicated.

47. The same day, Defendant Aronson or her designee in the Athens Embassy once again refused to adjudicate the U.S. passport application Mr. Koukoulomates filed.

48. Instead, Defendant Aronson or her designee provided Mr. Koukoulomates with another form letter nearly identical to the one Vice Consul Payne provided in 2013.

49. The March 10, 2015 letter informed Mr. Koukoulomates that application would be subject to "administrative processing" for an additional, indefinite period of time.

## Exhaustion of Administrative Remedies

50. No remedy exists allowing Mr. Koukoulomates to administratively appeal Defendants' failure to adjudicate his U.S. passport applications.

51. In the alternative, by failing to adjudicate any of the applications for a U.S. passport Mr. Koukoulomates submitted during the previous 10 years, Defendants have

deprived him of his right to avail himself of the administrative remedies set forth in the Department of State's regulations governing passport denials. *See* 22 C.F.R. § 51.75.

52. Accordingly, no exhaustion of these remedies is required for Mr. Koukoulomates to invoke the jurisdiction of this Court, or in the alternative, he has constructively exhausted these remedies.

## Claims for Relief

### Count I: Violation of the Administration Procedure Act
### Agency Action Unlawfully Withheld – 5 U.S.C. § 706(1)

53. All previous paragraphs are incorporated as though fully set forth herein.

54. The Department of State has promulgated regulations setting forth the process by which a person claiming U.S. citizenship or nationality may apply for a U.S. passport.

55. No later than October 14, 2010, Mr. Koukoulomates triggered Defendants' obligation to adjudicate his U.S. passport application in accordance with these regulations by paying the passport fee and submitting all required documents.

56. Mr. Koukoulomates has never abandoned any of his U.S. passport applications. To the contrary, he has sought diligently to pursue them and obtain adjudication for the past 11 years.

57. Despite the fact that Mr. Koukoulomates has paid the statutorily mandated application fee, Defendants have unlawfully withheld adjudication of his U.S. passport application.

58. Defendants' failure to adjudicate Plaintiff's U.S. passport applications constitutes final agency action reviewable by this Court under 5 U.S.C. § 704(a)(2) insomuch as it is a "failure to act." 5 U.S.C. § 551(13).

59. While Defendants unquestionably have the discretion to grant or deny Plaintiff's passport application, they have a ministerial and nondiscretionary duty to adjudicate it within a reasonable period of time. *See, e.g.*, *Maciel v. Rice*, No. 1:07-cv-01231, 2007 U.S. Dist. Lexis 95298 *11, 2007 WL 4525143 *4 (E.D. Cal. Dec. 18, 2007) ("Mr. Maciel has a clear right to have his passport application acted upon."); *id.* at *15 ("Adjudication of an application is ministerial and non-discretionary.").

60. Mr. Koukoulomates is suffering immediate, concrete, ongoing, and irreparable harm as a result of Defendants' failure to adjudicate his U.S. passport application.

61. Specifically, for the past 11 years, he has been deprived without due process of law of his constitutionally protected liberty interest in travelling to the United States. Moreover, the failure to adjudicate his applications for a U.S. passport deprives Mr. Koukoulomates of the right to avail himself of the administrative appeals process set forth in the agency's regulations, *see* 22 C.F.R. § 51.75, and ultimately, to seek federal judicial review should the State Department erroneously conclude he is not a citizen. *See* 8 U.S.C. § 1503(b); 22 C.F.R. § 50.11.

62. Because Mr. Koukoulomates is a U.S. citizen and passport applicant, he is within the zone of interests of all applicable statutes and regulations governing Defendants' adjudication of his passport application.

63. Accordingly, Mr. Koukoulomates seeks declaratory and injunctive relief that Defendants have unlawfully withheld agency action by failing to adjudicate his U.S. passport application within a reasonable period of time.

## Count II: Writ of Mandamus – 28 U.S.C. § 1361
## To Compel Adjudication of Plaintiff's U.S. Passport Application

64. All previous paragraphs are incorporated as though fully set forth herein.

65. Mr. Koukoulomates has a clear statutory and constitutional right to have his U.S. passport application adjudicated.

66. Defendants have a mandatory statutory duty to adjudicate properly filed applications for U.S. passports within a reasonable period of time.

67. Defendants' failure to adjudicate Plaintiff's U.S. passport application over the period of the past ten years violates their clear statutory and constitutional obligation to at least render a decision.

68. Pleading in the alternative to Counts I and III, Mr. Koukoulomates has no other adequate remedy at law. Specifically, he cannot pursue a judicial declaration of his U.S. citizenship pursuant to 8 U.S.C. § 1503(a) because he is not presently within the United States, or pursuant to 8 U.S.C. § 1503(b) because Defendants have not issued him a certificate of identity after denying his U.S. passport application.

69. Accordingly, Mr. Koukoulomates seeks a writ of mandamus commanding Defendants to promptly adjudicate his U.S. passport application.

**Count III: Violation of the Fifth Amendment's Due Process Clause**

70. All previous paragraphs are incorporated as though fully set forth herein.

71. Mr. Koukoulomates has a clearly established liberty interest under the Fifth Amendment's Due Process Clause in obtaining a passport and returning to the United States.

72. He also has a clearly established right to Due Process in the adjudication of his U.S. passport application by the Secretary.

73. Defendants' failure to adjudicate the multiple U.S. passport applications Mr. Koukoulomates has submitted over the previous decade constitutes an ongoing deprivation of these clearly established constitutional rights.

74. Defendants have afforded Mr. Koukoulomates no process of law before or after depriving him of his constitutionally protected liberty interests.

75. Mr. Koukoulomates is presently suffering immediate, ongoing, and irreparable harm as a result of Defendants' deprivation of his liberty interest without due process.

76. Consequently, pleading in the alternative to Counts I and II, he seeks declaratory and injunctive relief commanding Defendants to promptly adjudicate his U.S. passport application.

### Request for Relief

**WHEREFORE**, Plaintiff requests that judgment enter in his favor and against Defendants, and that:

A.   the Court declare that Defendants' failure to adjudicate Plaintiff's U.S. passport applications within a reasonable period of time constitutes an unlawful withholding of agency action in violation of the Administrative Procedure Act;

B.   the Court declare Defendants' failure to adjudicate Plaintiff's U.S. passport application within a reasonable period of time constitutes a violation of his constitutionally protected liberty interest without due process of law;

C.   the Court enter a preliminary and then a permanent injunction enjoining Defendants from failing to adjudicate Plaintiff's application for a U.S. passport;

D.   the, Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's U.S. passport application within seven (7) days, or show cause why such adjudication cannot be accomplished;

E.   the Court award Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 2412; and

F.   the Court award all other relief to Plaintiff that it deems just, equitable, and proper.

Dated:  March 16, 2015                    Respectfully submitted,

<u>/s/ R. Andrew Free</u>
**R. ANDREW FREE, TN BPR No. 30513**
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 244-4345
Andrew@ImmigrantCivilRights.com